IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION

PERRY TIPPY                                                         PLAINTIFF

V.                    CASE NO. 3:12-cv-00196 KGB

NAES CORPORATION                                                    DEFENDANT

## COMPLAINT

COMES NOW the Plaintiff, by and through counsel, Sutter & Gillham, PLLC, and for his Complaint, he states:

### PARTIES AND JURISDICTION

1.     Plaintiff is a resident and citizen of the State of Arkansas who worked for the Defendant in Mississippi County Arkansas. NAES Corporation is a foreign corporation authorized to do business in the State of Arkansas, whose revenue number in the millions that operated in interstate commerce. This action is brought under the Fair Labor Standards Act and the Arkansas Minimum Wage Act, this action is brought under the FMLA, the Americans with Disabilities Act of 1990, and the Arkansas Civil Rights Act of 1993 as well. This court has federal question subject matter jurisdiction under 28 U.S.C. 1331, as well as supplemental jurisdiction under 28 U.S.C. 1367 under Plaintiff's state law claims. Since the acts occurring given rise to this action occurred in this court's district, venue is proper under 28 U.S.C. 1391(b). This court has personal jurisdiction over the parties.

### GENERAL ALLEGATIONS OF FACTS

2.     Plaintiff was hired in October of 2008 by the Defendant.

3.     At all times relevant, Plaintiff performed his job satisfactorily.

4.     While employed by the Defendant, Plaintiff began having trouble with his blood pressure, so Plaintiff's physician took him off work.

5.     Plaintiff's blood pressure affects his ability to think, concentrate, work, walk, sit,

and stand. Plaintiff is substantially impaired in all of these activities.

6. In any event, Plaintiff timely and properly requested leave as an accommodation. Plaintiff was not only denied the leave, but he was fired in January of 2012.

## COUNT I

7. Plaintiff re-alleges the forgoing as if fully set out herein.

8. Plaintiff was working as a nonexempt employee, as that term is defined by the FLSA and the Arkansas Minimum Wage Act.

9. Defendant failed to pay Plaintiff for time he worked, thereby violating the prompt payment rule of the FLSA and the Arkansas Minimum Wage Act.

10. Furthermore, Defendant failed to pay Plaintiff overtime in violation of the FLSA and the Arkansas Minimum Wage Act.

11. As a direct and proximate cause of Defendants' actions and omissions alleged herein, Plaintiff has lost wages and lost fringe benefits and incurred other damages in an amount to be proven at trial.

12. Indeed, Defendant retaliated against Plaintiff for demanding that Plaintiff be paid overtime and be paid for wages the law required.

13. All Defendants' actions have been willful.

## COUNT II

14. Plaintiff re-alleges the forgoing as if fully set out herein.

15. During each week in 2010 and 2011, Defendant employed more than 50 employees at Plaintiff's former work location during each week in 2010 and 2011. Therefore, Plaintiff was working for an employer covered under the FMLA.

16. During each day in December of 2010 and January of 2011, Plaintiff worked for the Defendant for more than 1 (one) year and more than 1250 hours in that year and the year proceeding each such day. Therefore, Plaintiff was an eligible employee, as that term is defined by the FMLA.

17. Defendant failed to give the Plaintiff timely and proper notice of his rights under the FMLA, thereby interfering with the exercise of Plaintiff's rights under the FMLA.

18. Defendant also interfered with the exercise of the Plaintiff's rights under the FMLA and retaliated against Plaintiff by firing him, after he requested leave.

19. As a direct and proximate cause of Defendants' actions and omissions alleged herein, Plaintiff has lost wages, lost fringe benefits, and incurred other damages in an amount to be proven at trial.

20. All of Defendants' actions have been willful.

## COUNT III

21. Plaintiff re-alleges the forgoing as if fully set out herein.

22. Plaintiff timely filed a charge of discrimination alleging disability discrimination, a failure to accommodate, and retaliation. Plaintiff timely filed this charge with the EEOC and now files this action within 90 days of receiving his right to sue letter.

23. Defendant, at all times relevant, employed more than 50 employees in the state of Arkansas in an industry affecting interstate commerce.

24. Defendant failed to accommodate Plaintiff's disability in violation of the ADA and ACRA.

25. Defendant discriminated against the Plaintiff in violation of the ADA and ACRA, as well as retaliated against the Plaintiff for talking leave in violation of the ADA and ACRA.

26. As a direct and proximate cause of Defendants' actions and omissions alleged herein, Plaintiff has suffered severe mental and emotional distress, lost wages, lost fringe benefits, and incurred other damages in an amount to be proven at trial.

27. Defendant's actions have been so egregious so as to warrant the imposition of punitive damages.

## COUNT IV

28. Plaintiff re-alleges the foregoing as if fully set out herein.

29. Plaintiff timely filed a charge of discrimination alleging age discrimination. Plaintiff timely filed this charge with the EEOC and now files this action within 90 days of receiving his right to sue letter.

30. Plaintiff was over the age of 40.

31. He was terminated while others who were not disabled and younger were not.

32. Defendants have discriminated against the Plaintiff on the basis of his age in violation of the ADEA.

33. Defendants failed to give Plaintiff the information necessary to make an informed decision in violation of the OWPA and federal law.

34. As a direct and proximate cause of Defendants' actions and omissions alleged herein, Plaintiff has lost wages, lost fringe benefits, and incurred other damages in an amount to be proven at trial.

35. All of Defendants' actions have been willful.

WHEREFORE, Plaintiff prays for appropriate compensatory damages, for punitive damages, for liquidated damages, for reinstatement or front pay, for a jury trial of all issues so triable, for an injunction requiring Defendant to remove all adverse employment information from his personnel file, designating him as eligible for re-hire, and for a positive employment recommendation, for a declaratory judgment that Defendant's acts and omissions have violated federal and state law, for an injunction requiring Defendant to comply with federal and state law, for a requirement that this lawsuit be posted and that it be posted that Defendant has violated the law, for investigation and disciplinary action against the appropriate individuals for committing discrimination, for a reasonable attorney's fees and costs, and for all other proper relief.

Respectfully submitted,

SUTTER & GILLHAM, PLLC
Attorneys at Law
310 West Conway St.
P. O. Box 2012
Benton, Arkansas 72018
501/315-1910

_____
Luther Oneal Sutter
luthersutter.law@gmail.com