**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
JONESBORO DIVISION**

**PERRY TIPPY**                                                                                       **PLAINTIFF**

v.                          **Case No. 3:12-cv-00196-KGB**

**NAES CORPORATION**                                                   **DEFENDANT**

**ORDER**

Plaintiff Perry Tippy filed this action against his former employer, defendant NAES Corporation ("NAES"), alleging multiple violations of federal and state law (Dkt. No. 1). By prior Opinion and Order, the Court granted in part and denied in part NAES's motion for summary judgment and dismissed all claims other than Mr. Tippy's straight-time and overtime claims under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et seq.*; the Arkansas Minimum Wage Act ("AMWA"), Ark. Code Ann. § 11-4-201 *et seq.* (Dkt. No. 36).

Currently pending before the Court is NAES's motion to review FLSA settlement *in camera*, if necessary, approve settlement, and dismiss with prejudice (Dkt. No. 38). NAES requests that the Court review the settlement agreement *in camera* if the Court determines that a review is necessary, approve the settlement, and enter an order dismissing this case with prejudice. Also before the Court is Mr. Tippy's motion to dismiss with prejudice, to review FLSA settlement *in camera*, if necessary, and response to the motion to approve settlement (Dkt. No. 40). Mr. Tippy states in this filing that he agrees that the settlement should be approved by the Court and that this matter should be dismissed, and he prays for the same relief NAES requests in its motion. Mr. Tippy subsequently submitted the settlement agreement and general release to the Court *in camera*, by written communication with all counsel, and the Court has

reviewed the terms of the parties' agreement. The Court will not require the parties to file the settlement agreement of public record.

Settlement agreements resolving FLSA claims typically are subject to court approval. *See Dillworth v. Case Farms Processing, Inc.*, No. 5:08-cv-1694, 2010 WL 776933, at *2 (N.D. Ohio Mar. 8, 2010) (citing 19 U.S.C. § 216(b)). Before approving a settlement, a court ensures that the parties are not negotiating around the FLSA's requirements and that the settlement represents a fair and reasonable resolution of a bona fide dispute. *See id.* at *5; *Int'l Union, United Auto., Aerospace, & Agric. Implement Workers of Am. v. Gen. Motors Corp.*, 497 F.3d 615, 631 (6th Cir. 2007). The Eighth Circuit has not directly addressed the factors to be considered in deciding motions for approval of FLSA settlements. Other district courts have scrutinized such settlements for fairness in two steps.

> First, the court should consider whether the compromise is fair and reasonable to the employee (factors 'internal' to the compromise). If the compromise is reasonable to the employee, the court should inquire whether the compromise otherwise impermissibly frustrates implementation of the FLSA (factors 'external' to the compromise). The court should approve the compromise only if the compromise is reasonable to the employee and furthers implementation of the FLSA in the workplace.

*Dees v. Hydradry, Inc.*, 706 F. Supp. 2d 1227, 1241 (M.D. Fla. 2010).

The record before the Court does not indicate how the settlement figures were calculated. However, the documents submitted *in camera* include settlement amounts and representations regarding those amounts as agreed to by all parties. For these reasons, and based upon the Court's review of other information in the pleadings filed and language in the settlement agreement and release, the Court determines that the recovery is reasonable to Mr. Tippy, the former employee, and furthers the implementation of the FLSA in the workplace. The Court approves the confidential settlement agreement and release in full of all claims.

It is therefore ordered that this case be dismissed with prejudice. The release set forth in paragraph 2 of the settlement agreement shall apply in the manner set forth in that paragraph. The Court retains complete jurisdiction for 30 days to enforce the terms of the settlement agreement, as necessary, and to vacate this Order and to reopen the action if it is satisfactorily shown that settlement has not been completed and further litigation is necessary.

SO ORDERED this 23rd day of September, 2014.

_____
Kristine G. Baker
United States District Judge